## LOUIS CURRAN ET AL.
*vs.*
## CONNECTICUT GAS PRODUCTS, INC.

Superior Court      New Haven County      File No. 58500

MEMORANDUM FILED FEBRUARY 17, 1941.

*Paul W. McMahon,* and *Lewis J. Somers,* of Meriden, for the Plaintiffs.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendant.

SIMPSON, J. The plaintiff alleges two causes of action in his amended complaint, viz.: (1) One for failure to main-tain and keep in repair a certain dam, bulkheads, gates and other appurtenant fixtures on the southerly end of Hanover Pond, and (2) that said dam, etc., was maintained in such condition that it was an "absolute" nuisance, and alleges in substance that, by reason thereof, on September 20, 1938, water burst through said dam and caused damage to plaintiffs' real property and personal property stored thereon.

It seems clear to the court that there is no misjoinder of causes of action. That the damage to both the realty and personal property arose out of the same transaction seems apparent from *Craft Refrigerating Machine Co. vs. Quinnipiac Brewing Co.,* 63 Conn. 551, 561.

Part I of the demurrer must therefore be overruled.

In part II of the demurrer (which is to the entire amended complaint) the ground of demurrer is that no recovery can be had for private nuisance except damages resulting by reason of ownership of an interest in real property. Whether that proposition applies to this situation as alleged in the com-plaint, it is not necessary for the court now to decide. There is nothing in the complaint which causes it to appear that plaintiff may not recover for the damage occasioned by the negligent failure to keep and maintain the dam in a reasonably safe condition. In view of this situation, and the demurrer being to the entire complaint, it will have to be overruled.

Demurrer overruled on both grounds.